UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JOHN CLIFTON CONINE, TRUSTEE IN BANKRUPTCY FOR DENNIS RAY ADDIE, ET AL. | CIVIL ACTION NO. 05-2011 |
| VERSUS | JUDGE S. MAURICE HICKS, JR |
| UNIVERSAL OIL PRODUCTS COMPANY | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Defendant Universal Oil Products Company's ("UOP") motion for summary judgment. [Doc. No. 20] Plaintiff John Clifton Conine, trustee in bankruptcy for Dennis Ray Addie, et al. ("Addie") opposes the motion. [Doc. No. 34] For the reasons which follow, the motion is **GRANTED IN PART** and **DENIED IN PART.**

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Dennis Ray Addie first filed suit against UOP in Louisiana state court on September 20, 2002. [See Docket No. 469,804, 1st Judicial District Court, Caddo Parish, Louisiana]. In that suit, Addie brought claims under the Americans with Disabilities Act ("ADA"), Family and Medical Leave Act ("FMLA") and Louisiana state law prohibiting disability and handicap discrimination. That suit was removed to federal court on November 1, 2002. [See Docket No. 02-2297, United States District Court, Western District of Louisiana, Shreveport Division ("Docket No. 02-2297")].

Docket No. 02-2297 was before the Honorable Judge Tom Stagg. On May 30, 2003, the parties filed a "Joint Motion to Dismiss Claims Under the Family and Medical Leave Act." [Docket No. 02-2297, Doc. No. 23]. That motion stated that Addie had

confirmed that he could not judicially maintain his FMLA claims in good faith. [Id.] Addie's counsel of record, Nelson Cameron, signed the motion, as did counsel for UOP. On June 3, 2003, Judge Stagg signed the judgment dismissing Addie's FMLA claims, with prejudice. [Docket No. 02-2297, Doc. No. 24].

On June 30, 2003, Judge Stagg granted UOP's motion for summary judgment and dismissed Addie's ADA claims as untimely. [Docket No. 02-2297, Doc. Nos. 25, 26]. All federal claims having been dismissed, Judge Stagg declined to exercise supplemental jurisdiction over Addie's pendent state law claims and dismissed those claims without prejudice. [Id.].

On July 18, 2003, Addie filed a second suit in Louisiana state court under Louisiana state law prohibiting disability and handicap discrimination. [See Docket No. 477,338, 1st Judicial District Court, Caddo Parish, Louisiana.] On September 30, 2003, Addie amended his suit to substitute U.S. Trustee, Fran Strange, for the estate of Dennis Addie, as the proper party to proceed in the case.[1] The suit was amended again on October 27, 2005 to add claims pursuant to the FMLA. The suit was then removed to federal court on November 22, 2005. UOP filed the instant motion for summary judgment on December 5, 2005, arguing that the FMLA claims are barred by *res judicata* and that the Louisiana state claims lack merit. [Doc. No. 25].

## II.   LAW AND ANALYSIS

### A.   Summary Judgment Standard

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that

---

[1] Addie filed for Chapter 7 bankruptcy on June 6, 2003. See Docket No. 03-11886, United States Bankruptcy Court, Western District of Louisiana.

the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); New York Life Ins. Co. v. Travelers Ins. Co., 92 F.3d 336, 338 (5th Cir. 1996). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); see also, Gunaca v. Texas, 65 F.3d 467, 469 (5th Cir. 1995). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting Celotex, 477 U.S. at 323-25, 106 S. Ct. at 2552). If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Little, 37 F.3d at 1075.

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. Wallace v. Texas Tech Univ., 80 F.3d 1042, 1046-47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. Little, 37 F.3d at 1075; Wallace, 80 F.3d at 1047. Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Wallace, 80 F.3d at 1048 (quoting Little, 37 F.3d at 1075); see also, S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996). The Court will not, "in the absence of any proof, assume that the nonmoving

party could or would prove the necessary facts." McCallum Highlands v. Washington Capital Dus, Inc., 66 F.3d 89, 92 (5th Cir. 1995), as revised on denial of rehearing, 70 F.3d 26 (5th Cir. 1995). Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-51, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). When the nonmovant has the burden of proof at trial, he "must come forward with evidence which would be sufficient to enable it to survive a motion for directed verdict at trial." Stults v. Conoco, Inc., 76 F.3d 651, 656 (5th Cir. 1996). If the nonmovant cannot meet this burden, then "the motion for summary judgment must be granted." Id.

In order to determine whether or not summary judgment should be granted, an examination of the substantive law is essential. Substantive law will identify which facts are material in that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. at 248, 106 S. Ct. at 2510.

**B.    Res Judicata**.

In the Fifth Circuit, the applicable test for determining whether *res judicata* bars a party's claim is:

> For a prior judgment to bar an action on the basis of res judicata, the parties must be identical in both suits, the prior judgment must have been rendered by a court of competent jurisdiction, there must have been a final judgment on the merits and the same cause of action must be involved in both cases . . . . This Court has recognized that the principal test for comparing causes of action is whether the primary right and duty or wrong are the same in each action.

Nilsen v. City of Moss Point, 701 F.2d 556, 559 (5th Cir.1983).

Addie first argues that the dismissal of his FMLA claims (with prejudice) in Docket No. 02-2297 is not *res judicata* because it was not a judgment on the merits. Such an argument was rejected by the Fifth Circuit in Dillard v. Security Pacific Brokers, Inc., 835 F.2d 607 (5th Cir. 1988):

> [The plaintiff's] first argument - that res judicata should not apply because the original determination by Judge Bue was not an adjudication on the merits . . . - is meritless. While a voluntary dismissal without prejudice has no res judicata effect, Plumberman, Inc. v. Urban Systems Development Corp., 605 F.2d 161, 162 (5th Cir.1979), a dismissal with prejudice at any stage of a judicial proceeding ordinarily constitutes a final judgment on the merits which bars a later suit on the same cause of action. Astron Industrial Associates, Inc. v. Chrysler Motors Corp., 405 F.2d 958, 960 (5th Cir.1968).

Id. at 408.

Addie also argues that the dismissal of his FMLA claims in Docket No. 02-2297 is not *res judicata* as to a trustee in bankruptcy, *citing* Coleman v. Alcock, 272 F.2d 618 (5th Cir. 1959). However, Coleman dealt with a trustee's attempt to set aside transfers which were in fraud of creditors.[2] The Coleman court found that another creditor's unsuccessful attempt to set aside the transfer did not operate as *res judicata* as to the trustee's attempt to set aside the transfer. However, the Coleman court noted: "If the bankrupt's property is involved the trustee will be bound by the judgment to the same extent as any other person who succeeds to an interest in property pending litigation." Id. at 622 (*citing* 1 Collier, Bankruptcy 1170 (14 Ed. 1956). Here, the "property" involved was Addie's FMLA claims. The trustee in bankruptcy, as a successor in interest to that property, is bound by the judgment of dismissal in Docket No. 02-2297.

---

[2]Surely Plaintiff's counsel does not contend the voluntary dismissal in Docket No. 02-2297 constituted fraud or ill practices, especially considering he was counsel of record in that action and signed the joint motion subject to Rule 11 sanctions.

Based on the relevant Fifth Circuit jurisprudence, this Court finds that Addie's claims pursuant to the FMLA, whether asserted personally or by the trustee in bankruptcy, are barred by *res judicata*. Accordingly, summary judgment as to those claims is proper as a matter of fact and law.

### C. Pendent State Law Claims.

As Judge Tom Stagg noted in his Memorandum Ruling granting's UOP's motion for summary judgment in Docket No. 02-2297: "A district court may, and the general rule is that it should, decline to exercise supplemental jurisdiction over pendent state law claims if it has dismissed all claims over which it has original jurisdiction." [Docket No. 02-2297, Doc. No. 25 at p. 15; citations omitted]. UOP urges the Court to exercise supplemental jurisdiction, arguing that the standards for liability under federal and state anti-discrimination law is similar. However, this Court has yet to consider the merits of Addie's federal claims. Indeed, Judge Stagg's dismissal of Addie's ADA claims was based on timeliness, not the merits of those claims. Since the Court has dismissed all Addie's federal claims without the necessity of addressing the underlying merits of those claims, it declines to do so in the first instance in the context of pendent state claims. The Court finds that the appropriate disposition of any remaining state law claims is, therefore, to dismiss them without prejudice. Accordingly, the motion for summary judgment as to those claims is denied.

## III. CONCLUSION.

The Court finds that Addie's FMLA claims are barred by *res judicata,* and there are no genuine issues of material fact as to those claims. Since the Court declines to exercise jurisdiction over the pendent state law claims, summary judgment as to those claims is denied.

Therefore:

**IT IS ORDERED** that the motion for summary judgment [Doc. No. 20] filed by the Defendant, Universal Oil Products Company, is hereby **GRANTED** to the extent that it seeks a dismissal of the claims brought by Plaintiff John Clifton Conine, trustee in bankruptcy for Dennis Ray Addie, et al., under the Family and Medical Leave Act. Accordingly, those claims are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that UOP's motion for summary judgment is hereby **DENIED** to the extent that it seeks dismissal of Addie's state law claims. As this Court declines to exercise supplemental jurisdiction over Addie's remaining state law claims, those claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk of Court close the case.

**THUS DONE AND SIGNED** this 26th day of June, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE